Filed 2/27/23  P. v. Sawyer CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LINDEN ROY URIAH SAWYER,<br><br>    Defendant and Appellant. | E078293<br><br>(Super.Ct.No. RIF72880)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Linden Roy Uriah Sawyer appeals the denial of a petition seeking recall of his sentence under Penal Code[1] section 1170.91. That section allows a current or former member of the military who may be suffering from sexual trauma, post-traumatic stress disorder (PTSD), or substance abuse (among other conditions) as a result of his service to obtain a resentencing hearing. Defendant contends the trial court abused its discretion in summarily denying his petition without adequately considering his military trauma as a mitigating circumstance. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Beginning in 1995, defendant sexually abused four minor victims, who were his girlfriend's daughters and nieces.

On September 5, 1997, a second amended information was filed charging defendant with one count of rape of an intoxicated person (§ 261, subd. (a)(3), count 1), rape of an unconscious person (§ 261, subd. (a)(4), count 2), annoying or molesting a minor (§ 647.6, count 3), misdemeanor providing alcohol to a minor (§ 272, counts 4 &

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Because defendant pled guilty, the brief factual summary is taken from the probation officer's sentencing memorandum.

2

5), and 28 counts of committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a), counts 6-33).[3]

On June 29, 1998, defendant entered a plea agreement and pled guilty to counts 1-33. The plea agreement stated the maximum possible custody term was 66 years and the indicated sentence was 14 years. At the plea hearing held that day, the court indicated it would sentence defendant to 14 years in prison. It also noted that defendant was asking to come back to court on July 24, 1998, for sentencing, and it would hear from one or more of the victims or their parents at that hearing. Defendant promised to return and agreed that if he failed to do so, the court would revoke the indicated sentence of 14 years and be free to sentence him to a greater term. Defendant then pled guilty to counts 1 through 33 as alleged.[4]

Defendant failed to appear at the sentencing hearing on July 24, 1998, and the court issued a bench warrant for his arrest. He was not apprehended and arrested until November 5, 2003.

---

[3] We note appellant's opening brief and respondent's brief state that defendant was charged with and/or pled guilty to 29 counts of committing a lewd or lascivious act on a child under 14 years old (§ 288, subd. (a)), apparently including count 1 with counts 6-33. However, the second amended information lists count 1 as charging defendant with rape of an intoxicated person. (§ 261, subd. (a)(3).) Furthermore, the plea agreement indicates count 1 was a violation of section 261, and the reporter's transcript from the June 29, 1998 plea hearing shows that defendant pled guilty to a violation of section 261, subdivision (a)(3).

[4] Defendant's plea appears to have been an open plea to the court rather than a plea agreement since defendant pled guilty to all charges and sentencing was left to the discretion of the court. The court, however, had given an indicated sentence of 14 years.

On March 12, 2004, defendant filed a motion to withdraw his plea based on ineffective assistance of counsel.

The court held a sentencing hearing on May 28, 2004, and denied defendant's motion to withdraw the plea. It then proceeded to sentencing and heard testimony from the victims. The prosecutor argued the factors in aggravation were overwhelming, specifically citing that defendant chose victims who were particularly vulnerable, and he took advantage of a position of trust. Defendant befriended the victims' mother, "worked his way into a family," and "systematically proceeded to take sexual advantage of young girls who looked up to him and who trusted him." He also showed sophistication and separated the victims from their mother, provided them with alcohol, and molested them. The prosecutor further pointed out that defendant showed a lack of remorse and callousness toward his victims, noting that when the victims came to court to give their statements at the original sentencing hearing, he failed to show up and instead went into hiding. Defense counsel disagreed that defendant did not have remorse and asserted that he needed therapy. Defense counsel then asserted, in mitigation, that defendant had no criminal record, and he was a Marine who was honorably discharged.

After hearing argument from counsel, the court noted that by pleading guilty, defendant spared his victims from having to testify, and the court was originally willing to give him a sentence that would reward him for that. However, the court declared that, since defendant failed to show up for sentencing, he forfeited that reward, and it would now simply consider the factors in aggravation and mitigation under California Rules of Court, rule 4.425. The court specifically noted that defendant's criminal acts occurred at

4

different times with different people, which was "particularly aggravating." The court then sentenced defendant to 30 years in prison and 180 days in any penal institution, comprised of the following: six years on count 2; a concurrent six years on count 1; two concurrent 180-day terms on counts 3 and 4; a consecutive 180 days on count 5; 12 consecutive two-year terms on counts 6 through 14 and 31 through 33; and 16 concurrent six-year terms on counts 15 through 30.

On January 24, 2019, defendant filed, in propria persona, a petition for resentencing pursuant to section 1170.91, alleging he was a Marine who suffered from sexual trauma, post-traumatic stress disorder (PTSD), and substance abuse.[5] In support, he attached his military and mental health records, letters of support, and certificates of completion from various programs.

On March 8, 2019, the People filed an opposition to the petition, arguing defendant was not eligible for mitigation of his sentence since he failed to provide sufficient documentation to establish he was in the military or that his military service resulted in trauma or mental health issues.

On March 15, 2019, the court appointed counsel to represent defendant. Appointed counsel subsequently filed a motion in support of his petition for resentencing that included additional exhibits. The motion alleged that one of defendant's instructors in the Marines sexually abused him, and he suffered from PTSD as a result of this

---

[5] Defendant used a form petition entitled "Petition for Writ of Habeas Corpus"; however, his petition actually concerned a request for resentencing under section 1170.91.

5

incident, as well as an incident where he aided a fellow Marine, who fell 50 feet to his death.

The matter was continued several times. On July 8, 2021, defense counsel filed a supplemental brief in support of resentencing, attaching more documentation in support of his claims. On July 22, 2021, the trial court found that defendant had made a prima facie showing under section 1170.91.

On August 25, 2021, defense counsel filed another resentencing brief, which argued that the court must consider as mitigating factors the sexual trauma and PTSD defendant suffered from his military service. He also contended the court could consider defendant's postconviction behavior, including his participation in rehabilitation programs.

The probation department filed a report on November 18, 2021, recommending that the court sentence defendant to the maximum sentence of 66 years in state prison. The report noted defendant had provided his military records, and his mental health records indicated he was diagnosed with PTSD, bipolar disorder, and depression. The probation officer listed the following aggravating circumstances: (1) "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; (2) "The victim was particularly vulnerable"; (3) "The manner in which the crime was carried out indicates planning, sophistication, or professionalism"; and (4) defendant "took advantage of a position of trust or confidence to commit the offense." The only mitigating factor listed was that defendant had no prior criminal record. The probation officer stated he

6

considered defendant's military history, personal traumas, and sexual abuse, amongst other factors, including that defendant absconded for five years during these proceedings; he ultimately concluded that the number of aggravating factors and their gravity outweighed the mitigating factors.

On December 16, 2021, the court held a hearing on defendant's petition. At the outset, the court stated it read defendant's resentencing brief, including the attached documents containing his military record. The court specifically mentioned defendant's claim that described his PTSD and sexual assault, mental health documentation, and numerous certificates from various programs. It also mentioned the family support letters received, naming each person who submitted one. The court further stated it read the probation officer's report. The court then permitted one of the victims to make a statement in court, and allowed defendant to respond. Defendant addressed the victim at length and apologized for the trauma he had caused. The court then asked if either counsel had anything to say, and both said no.

The court stated it was "obliged to consider what the law tells me I'm obliged to consider, which is military history as a factor in mitigation." The court observed that the earliest reports were from 2016, "after the conviction in this matter," when defendant reported to the military about the traumatic events of being victimized by a superior and his fellow Marine falling off a cliff. The court then stated that if it was the original sentencing judge, it would have "found that the case was still an aggravated case," even considering what happened to defendant in the military as a mitigating factor. The court said, had this case been tried before it and the crimes found true, it "very likely" would

7

have given defendant the maximum sentence of 66 years in state prison. The court specified: "The victim was incredibly vulnerable. You were in a position of trust. It did involve planning. It did involve a level of sophistication. She couldn't have been much more vulnerable unless she'd been younger. And so I would have found that to be an aggravated—Count 2 to be aggravated. And I would have sentenced you to eight years on that one. [¶] And all the rest of them, because there were so many different events and they were independent events, I would have run consecutive at one-third the midterm, which would have resulted in a 66-year sentence."

The court lauded defendant's accomplishments in state prison; however, it also observed that defendant absconded for five years after he pled guilty. The court concluded that "[o]n balance, I think under the circumstances, the disposition, even given your postconviction conduct, is an appropriate disposition. It is less than half of your complete exposure. I—I do not find that your military record is mitigating enough, nor your postconviction record is mitigating enough, that I would do anything else with these. [¶] . . . [¶] I see no reason to upset the original disposition of 30 years. I cannot make it more. It would still be hard for me not to sentence you to more than 30 years because the crime across four victims is so aggravated that it would be appropriate. [¶] That being the case, to the extent that I am sentencing you, I adopt all of the original sentencing decisions of the sentencing judge." Then, the parties agreed, and the court ordered, that defendant be awarded 6,412 actual days of postjudgment credits.

DISCUSSION

<u>The Court Did Not Abuse its Discretion in Imposing the Same Term at the Resentencing</u>

<u>Hearing</u>

Defendant argues the court abused its discretion by failing to adequately consider the evidence of his military trauma as a mitigating factor within the meaning of sections 1170.9 and 1170.91, and it gave a "perfunctory rubber-stamping of the original 30-year sentence imposed by the trial court in 2004." He claims the court disregarded the evidence of his trauma and "simply stated that it adopted the 30-year sentence and reasoning of the original judge . . . without conducting any evidentiary hearing or even having benefit of the transcript of the original sentencing hearing." He further asserts he was not given the opportunity to introduce any additional evidence at the hearing, and the court "summarily and arbitrarily concluded" that his military trauma did not justify a reduced sentence. We conclude there was no abuse of discretion.

A. *Relevant Law*

"Under section 1170, subdivision (b), '[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court.' [Citation.] In 2014, the Legislature enacted former section 1170.91 [now identified as § 1170.91, subd. (a)] (Stats. 2014, ch. 163, § 2), which mandated consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion." (*People v. Brooks* (2020) 58 Cal.App.5th 1099, 1103-1104 (*Brooks*).)

9

"In 2018, the Legislature amended section 1170.91 to add a retroactivity clause and a procedure for resentencing. [Citations.] Subdivision (b) of section 1170.91 allows a person currently serving a prison sentence for a felony conviction, 'whether by trial or plea,' to petition for a recall of his sentence provided he meets the following initial requirements: (1) he is or was a member of the United States military, and (2) he 'may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of [such] military service . . . .' " (*Brooks*, *supra*, 58 Cal.App.5th at p. 1104; see § 1170.91, subd. (b).)

"A section 1170.91, subdivision (b) petitioner must allege: '(A) [t]he circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing,' and '(B) [t]he person was sentenced prior to January 1, 2015.' (§ 1170.91, subd. (b).) Provided that the petition so alleges, the sentencing judge or in his or her absence an assigned judge of the sentencing court 'shall determine, at a public hearing' held upon proper notice, whether the petitioner satisfies the requisite criteria. [Citation.] If those criteria are met, the petitioner may be resentenced, in the court's discretion, with trauma resulting from military service taken into account as a mitigating factor." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1104.)

We review a trial court's sentencing decision for an abuse of discretion, evaluating whether the court exercised its discretion in an arbitrary and capricious manner. (*People*

*v. Panozo* (2021) 59 Cal.App.5th 825, 837; *People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

      B.  *The Court Properly Considered Defendant's Military Service and Trauma*

      Defendant makes repeated and similar claims that the court only gave "perfunctory consideration" to his military trauma, that it disregarded his evidence of trauma, that it only held "a perfunctory hearing," and that it gave a "perfunctory rubber-stamping of" and "summarily upheld" the original 30-year sentence. The record plainly belies these claims.

      The court here first found that defendant established eligibility for recall by showing that he may have a current qualifying condition that may be the result of military service. It then held a resentencing hearing at which it described in great detail that it had reviewed defendant's resentencing brief, family support letters, a letter from one of the victims, and the probation officer's report, which addressed defendant's military trauma.[6] The court permitted a victim to testify in court and allowed defendant to respond to her. The court also gave the prosecutor and defense counsel an opportunity to speak.

      Contrary to defendant's claim that the court "at no point" addressed his service-related mental health issues, the court stated it had reviewed the claim that described defendant's PTSD and sexual assault, as well as the mental health documentation. The court later acknowledged that it was "obliged" by law to consider defendant's military

---

      [6] Although, as defendant points out, the probation report lists only one mitigating factor—that defendant had no prior criminal record—the probation officer stated he considered defendant's military history, personal traumas, and sexual abuse in making its sentencing recommendation.

history as a factor in mitigation.  The court stated that it reviewed defendant's medical records and specifically noted that the traumatic events he suffered in the military—namely, witnessing a fellow Marine fall off a cliff and being victimized by his superior—were not reported until 2016, after the convictions in this case.  The court then thoroughly explained why, if it was the original sentencing court, it would have sentenced defendant to the maximum 66 years, even considering his military trauma as a mitigating factor.  The court cited in detail the numerous aggravating factors applicable here.

The court proceeded to recognize that defendant made laudable efforts at rehabilitation while in prison, but also that he absconded for five years after he pled guilty.  Notably, the court stated, "I do not find that your military record is mitigating enough" to warrant a different sentence.  The court concluded that under the circumstances, there was no reason to upset the original sentence of 30 years.

"If, after a hearing, the trial court finds that the petitioner may be suffering from a qualifying condition as a result of his or her military service, it '*may, in its discretion*, resentence the person following a resentencing hearing.'  It does not necessarily have to resentence the petitioner.  And if it does, it need only consider the fact that the petitioner may be suffering from a qualifying condition as a result of his or her military service as *one mitigating factor, along with all of the other mitigating and aggravating factors in the case*." (*People v. Coleman* (2021) 65 Cal.App.5th 817, 823, emphasis added.)  The record clearly demonstrates the court properly considered the trauma defendant suffered while in the military as a mitigating factor, along with all the other mitigating and

12

aggravating factors. Therefore, it did not abuse its discretion in imposing the 30-year sentence.

Defendant complains he was not given the opportunity to introduce any additional evidence at the resentencing hearing and claims the court should have conducted an evidentiary hearing to "explore the effect of [his] past trauma on his misconduct that led to" his convictions. However, defendant himself acknowledges that "[i]t remains an open question as to whether the lower court must actually conduct an evidentiary hearing to satisfy the requirements of [section 1170.91, subdivision] (b)(3)." Nothing in section 1170.91 requires the court to allow a defendant to present additional evidence beyond what is submitted in support of the petition. In fact, the statute provides that, at the hearing, "*the prosecution* shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing." (§ 1170.91, subd. (b)(3), italic added.) In other words, the statute explains the showing which defendant must make and provides that the prosecution must have the opportunity to be heard at the hearing. Most importantly, defendant never sought an evidentiary hearing and did not seek to introduce any other evidence. The court did not deny defendant the opportunity to have an evidentiary hearing.

Ultimately, upon finding defendant made a prima facie case that he suffered PTSD as a result of his military service, the court was required to consider such circumstance as a factor in mitigation, and it did so. (§ 1170.91, subds. (a), (b).) The court considered defendant's military service and trauma, along with other aggravating and mitigating factors, and thoroughly explained its reasons for deciding to reimpose the 30-year

13

sentence.  Thus, the record demonstrates the court's decision was not arbitrary or capricious.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
J.

We concur:

MILLER_____
       Acting P. J.

MENETREZ_____
      J.